UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL HILL,

                        Plaintiff,

  -against-                                         9:01-CV-0018
                                                             (LEK/GHL)

CHALANOR, Coxsackie Correctional
Facility; P. FRANKLIN, Nurse Administrator,
Coxsackie Correctional Facility; A. COLE,
Superintendent of Health Services, Coxsackie
Correctional Facility; NURSE ALBRIGHT,
Coxsackie Correctional Facility; GLENN S.
GOORD, Commissioner; DOMINIC
MANTELLO, Superintendent; M. OLIVER,
Correctional Guard, Coxsackie Correctional
Facility,

                       Defendants.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background

The United States Court of Appeals for the Second Circuit, in a Mandate issued June 9, 2005 (Dkt. No. 111), affirmed in part and vacated and remanded in part an earlier Order of the Court issued by Visiting Senior District Judge G. Thomas Eisele (Dkt. No. 107), sitting by designation, and the subsequent Judgment (Dkt. No. 108). Said Order concerned summary judgment. The Second Circuit's remand and Mandate concern one remaining outstanding issue: determining "pursuant to the first step in the three-step process outlined in Hemphill [v. State of New York, 380 F.3d 680, 686 (2d Cir. 2004)] - to what extent the remedy of appealing the Superintendent's

---

[1] For printed publication by the Federal Reporters.

1

decision as to [Plaintiff's] medical claim to the CORC ["Central Office Review Committee"] after [Plaintiff] was transferred to the Southport Correctional Facility was in fact available to [Plaintiff]." Mandate (Dkt. No. 111) at 4-5. Following the Mandate, this Court directed the parties to submit briefing. Dkt. No. 112. The parties thereafter submitted said briefing. Dkt. Nos. 113-115. The Court has undertaken an evaluation of the submissions and Record in this case.

According to the pleadings, Defendants have now waived their defense of failure by Plaintiff to exhaust state administrative remedies. See Defts' Letter Brief (Dkt. No. 114) at 1. Instead, Defendants have chosen to re-assert their remaining defenses, first presented to the Court in Defendants' Cross Motion for Summary Judgment and supporting papers, filed on October 10, 2002. See Defts' Cross Motion and Supporting Papers (Dkt. Nos. 92-95). Plaintiff refutes said summary judgment arguments. Plaintiff also asserts that although he had attempted to follow state administrative procedures, and appeal to the CORC, prison officials and personnel had deliberately interfered and prevented Plaintiff's full access to the system. See Plntf's Letter Brief (Dkt. No. 113, Attach. 1) at 3. The Court has determined that appeal of Plaintiff's medical claim to the CORC was available. The Court therefore dismisses Plaintiff's Complaint without prejudice to re-filing, if necessary, once Plaintiff has exhausted all State administrative remedies. Plaintiff may appeal his medical indifference claim to the CORC, if he so chooses, and said appeal shall be deemed timely.

## II. Discussion

### A. Standard of Law

The three-part Hemphill test, as set forth by the Second Circuit, is as follows:

Read together, our recent decisions, and our holdings today in the other consolidated cases, suggest that a three-part inquiry is appropriate in cases where a prisoner plaintiff plausibly

2

seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a).  Depending on the inmate's explanation for the alleged failure to exhaust, *the court must ask whether administrative remedies were in fact "available" to the prisoner*....  The court should also inquire as to whether the defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it,... or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop one or more of the defendants from raising the plaintiff's failure to exhaust as a defense....  If the court finds that administrative remedies were available to the plaintiff, and that the defendants are not estopped and have not forfeited their non-exhaustion defense, but that the plaintiff nevertheless did not exhaust available remedies, the court should consider whether "special circumstances" have been plausibly alleged that justify "the prisoner's failure to comply with administrative procedural requirements."

Hemphill, 380 F.3d at 686 (emphasis added as to first step) (citing, *inter alia*, Abney v. McGinnis, 380 F.3d 663 (2d Cir. 2004); Johnson v. Testman, 380 F.3d 691 (2d Cir. 1994); Giano v. Goord, 380 F.3d 670 (2d Cir. 2004) (citing cases)).

   Furthermore,

[t]he Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement applies to "all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

Mobley v. O'Gara, No. 02CV6605(DRH)(MLO), 2006 WL 197185, at *2-*3 (E.D.N.Y. Jan. 23, 2006) (citing and quoting Porter v. Nussle, 534 U.S. 516, 532 (2002); and discussing Hemphill).[2]

   This Court may, *sua sponte*, dismiss a case for failure to exhaust under the PLRA.  See Mingues v. Nelson, No. 96 CV 5396(GBD), 2004 WL 324898, at *4 (S.D.N.Y. Feb. 20, 2004) ("The Court could have *sua sponte* dismiss[ed] this action as the record is unmistakably clear that

---

[2] As held by Judge Eisele in the prior Order of this Court, Porter is retroactive in its application, and, thus, its holding and the PLRA exhaustion requirement apply to Plaintiff's case herein.  See Judge Eisele's Order (Dkt. No. 107) at 6 n.3.

an appropriate administrative procedure was available to [Plaintiff], that [Plaintiff] was required to exhaust his administrative remedies, and that [Plaintiff] failed to do so as required by the PLRA...."). The Court "must first establish from a legally sufficient source that an administrative remedy" is available and that the complaint "does not fall within an exception", and then the Plaintiff must be provided with notice and an opportunity to be heard on the possibility of dismissal for failure to exhaust. Mojias v. Johnson, 351 F.3d 606, 610 (2d Cir. 2003) (citing cases).

### B. Exhaustion of State Administrative Remedies/Procedures

At the outset it should be noted that it is clear from the Record that both parties have had ample warning and opportunity to be heard on the issue of dismissal for failure to exhaust administrative remedies, both in this Court and before the Court of Appeals for the Second Circuit. Because Defendants have waived the defense of exhaustion, because the Mandate from the Second Circuit exclusively addresses exhaustion, and because this Court finds there to be an issue as to exhaustion, this Court will not address Defendants other defenses and arguments as to summary judgment, and will not apply the summary judgment standard to the exhaustion issue.

> In New York State, the administrative procedure available to inmates is known as the Inmate Grievance Program ("IGP"), which provides a three-step process for the redress of grievances.... At the first step, a review of the grievance is conducted by a facility committee of elected peer-inmates and appointed DOCS staff members known collectively as the Inmate Grievance Resolution Committee ("IGRC"). The IGRC will only review grievances that are filed within fourteen days of an alleged occurrence, though exceptions to this time limit may be approved by the IGP supervisor based on mitigating circumstances. If the inmate is unsatisfied with the determination of the IGRC, the second step is to appeal to the superintendent of the facility. If unsatisfied with the determination of the superintendent, appeal may be taken to the CORC, which makes the final administrative determination.

Morrow v. Goord, No. 03-CV-0713ESC, 2005 WL 1159424, at *2 (W.D.N.Y. May 17, 2005)

(citing N.Y. Comp. Codes R. & Regs. tit. 7, § 701.7; Williams v. Comstock, No. 03-CV-0782E(F),

4

2004 WL 2646544, at *2 (W.D.N.Y. Nov. 18, 2004)).

There may be specific times and circumstances when failure to exhaust administrative remedies would be excused. See, e.g., Boddie v. Bradley, No. 9:99-CV-1016, 2006 WL 162996, at *3 (N.D.N.Y. Jan. 20, 2006) (McAvoy, S.D.J.). Such is not the case in the matter at bar. For example, although Plaintiff seeks monetary damages, that is not sufficient to excuse a failure to exhaust. Id. at *3 (citing Booth v. Churner, 532 U.S. 731, 734 (2001)). In addition, Plaintiff has admitted that he attempted to appeal to the CORC, but that prison officials and personnel interfered and prevented said appeal. And, indeed, after further review of the Record this Court agrees with Judge Eisele's earlier finding that Plaintiff understood his right to appeal to the CORC, given Plaintiff's appeal of a retaliation claim to the CORC just weeks before his medical indifference claim; and the Superintendent's determination of Plaintiff's grievance also informed Plaintiff of his right to appeal to the CORC. See Judge Eisele's Order (Dkt. No. 107) at 7.

Exhibits submitted by Plaintiff in response to this Court's directive to brief the issue of exhaustion following the Second Circuit's Mandate demonstrate that prison officials at Southport Correctional Facility did review Plaintiff's appeal, but determined that Plaintiff had to contact Coxsackie Correctional Facility since the grievances had originally been filed at that prison. See Plaintiff's Letter Brief (Dkt. No. 113, Attach. 1) at Exs. A & B. It should be noted that it appears, according to said documents, that Plaintiff had filed for review with the Southport prison officials in August of 2003, but did not receive the response until February of 2004. See id. The CORC subsequently issued a decision as to another grievance, but noted that Plaintiff had not appealed grievance CX-7834-00 to the CORC. See id.

5

The Court finds from the Record that appeal to the CORC was technically available to Plaintiff below. The apparent confusion or mis-communication between prison officials and Plaintiff coupled with the fact that Plaintiff did appeal other issues to the CORC, leads this Court to believe that this is not a matter of affirmative bad faith or interference on the part of prison officials. This case does not rise to the level of O'Connor v. Featherston, No. 01 CIV. 3251(HB), 2002 WL 818085 (S.D.N.Y. Apr. 29, 2002), and thus a finding excusing failure to exhaust is not yet warranted. This Court will, therefore, dismiss this matter without prejudice, with an explicit direction that the Superintendent and other prison officials, at both Plaintiff's current location and at Coxsackie Correctional Facility, ensure that any appeal filed by Plaintiff succeed in reaching the CORC under the administrative procedures of N.Y. Comp. Codes R. & Regs. tit. 7, § 701.7, *et seq*. If Plaintiff chooses to pursue said appeal to the CORC, he should be sure to contact whatever prison officials he must, and comply with all appeal procedures. Plaintiff must exhaust all available administrative remedies, even is such exhaustion would result in futility or ineffectiveness. See Morrow, 2005 WL 1159424, at *3 & n.14 (citing cases). See also Davidson v. Talbot, No. Civ.9:01 CV 0473, 2005 WL 928620, at *8 (N.D.N.Y. Mar. 31, 2005) (Treece, M.J.) ("Exhaustion is similarly required even if the prisoner asserts futility as an excuse.") (citing Booth v. Churner, 531 U.S. 731, 741 n.6 (2001)).

Because this Court is dismissing the Complaint at this stage, for further State administrative proceedings, the Court will not evaluate or rule on any of Defendants' other arguments and defenses as presented in their papers (Dkt. No. 114).

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** to re-filing, if necessary, once Plaintiff has exhausted all State administrative remedies and satisfied the requirements of the PLRA, as discussed above; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:  March 08, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge